UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JUAN GABRIEL ALVAREZ,<br><br>  Petitioner,<br><br>  v.<br><br>PAUL THOMPSON,<br><br>  Respondent. | No. 2:21-cv-1777-TLN-CKD<br><br><br>FINDINGS AND RECOMMENDATIONS |

Petitioner, a federal prisoner proceeding pro se, has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241.[1] On October 28, 2021, the court ordered respondent to file a response to the petition within 60 days. ECF No. 5. Respondent filed a motion to dismiss the § 2241 petition on December 19, 2021. ECF No. 8. Petitioner filed a reply which the court construes as an opposition to the motion to dismiss. ECF No. 9. For the reasons explained below, the undersigned recommends granting respondent's motion to dismiss based on lack of ripeness.

I.      **Factual and Procedural History**

Petitioner is serving a total term of 216 months of incarceration followed by 60 months of supervised release following his plea of guilty in two separate methamphetamine-related cases

---

[1] Petitioner paid the $5.00 filing fee for this action.

1

filed in this court in 2008 and 2012. See United States v. Aguilar-Godinez, et al., Case No. 2:08-cr-00570-GEB (E.D. Cal.); United States v. Alvarez, et al., Case No. 2:12-cr-00188-TLN (E.D. Cal.); see also ECF No. 8-1 (docket sheets).

Petitioner, who is presently confined at FCI-Herlong, filed a habeas corpus petition pursuant to 28 U.S.C. § 2241 on September 25, 2021.[2] ECF No. 1. In his habeas application, petitioner seeks a declaratory judgment that he is entitled to earned time credits ("ETCs") pursuant to the First Step Act of 2018 ("FSA"). ECF No. 1 at 1. Specifically, petitioner calculates that he is entitled to earned time credits resulting in an early release date of May 6, 2023. ECF No. 1 at 1. Absent these earned time credits, petitioner's expected release date is August 15, 2027. ECF No. 1 at 7.

Respondent moves to dismiss the petition based on lack of Article III standing and ripeness, lack of jurisdiction, petitioner's failure to exhaust his administrative remedies, and because there is no statutory authority to compel the Bureau of Prisons to perform a discretionary act. ECF No. 8. First and foremost, respondent submits that there is no "case or controversy" for the court to adjudicate because "neither [p]etitioner's custodial status nor custody term has been impacted by any BOP action." ECF No. 8 at 5. Accordingly, petitioner's § 2241 application is nothing more than an abstract disagreement which petitioner does not have standing to challenge.

In support of the motion to dismiss, respondent submitted a declaration from Christopher Liwag, a Senior Correctional Programs Specialist with the Bureau of Prisons, who reviewed petitioner's inmate records. ECF No. 8-2. Mr. Liwag describes the three-level administrative review process available to federal inmates challenging BOP actions, and indicates that petitioner has not exhausted his administrative remedies related to earned time credits under the First Step Act. ECF No. 8-2 at 3. Mr. Liwag describes the specific provisions of the First Step Act related to earned time credits for participation in Evidence Based Recidivism Reduction Programs ("EBRRs") and Productive Activities ("PAs"). ECF No. 8-2 at 3-11. Petitioner has been determined eligible for earned time credits under the FSA. ECF No. 8-2 at 11. However,

---

[2] The filing date has been calculated using the prison mailbox rule. See Houston v. Lack, 487 U.S. 266 (1988).

2

"[b]ecause BOP has not completed its phase-in, the precise calculations for [p]etitioner and amount of credits he can apply, as well as their precise application, are speculative." ECF No. 8-2 at 11.

Petitioner filed a reply to the motion to dismiss asking the court to "order[] declaratory relief [by] instructing DOJ-BOP that some education courses and prison work at Herlong must qualify for FSA early release credit." ECF No. 9 at 2.

## II.     Legal Standards

### A.  Section 2241 Relief

Federal inmates have two avenues for pursuing habeas corpus relief.  First, a challenge to a federal prisoner's conviction or sentence can be raised via a motion to vacate, set aside, or correct the sentence pursuant to 28 U.S.C. § 2255.  Section 2255 motions are filed in the judicial district where the conviction occurred.  Alternatively, a federal inmate challenging the manner, location, or conditions involved in the execution of their sentence, may file a habeas corpus petition pursuant to 28 U.S.C. § 2241.  Hernandez v. Campbell, 204 F.3d 861, 864 (9th Cir. 2000).  Jurisdiction over a § 2241 petition lies in the district of the prisoner's confinement.

### B.  First Step Act

The First Step Act of 2018 ("FSA") made several important changes to the duration of federal prison sentences.  See Pub. L. No. 115-391, 132 Stat. 5194.  As relevant to the pending habeas petition, it created an evidence-based recidivism reduction program that incentivizes inmates to participate in and complete programs and productive activities by awarding them, inter alia, "10 days of time credits…" and "an additional 5 days of time credits for every 30 days of successful participation" if the prisoner is classified as a minimum or low risk of recidivism.  18 U.S.C. § 3632(d)(4).  In order to apply these earned time credits, the BOP was first required to develop a risk and needs assessment system within 210 days after enactment of the FSA.  18 U.S.C. § 3632(a).  By January 15, 2020, the BOP was required to conduct an initial intake risk and needs assessment for each prisoner and "begin to assign prisoners to appropriate evidence-based recidivism reduction programs based on that determination." 18 U.S.C. 3621(h).  The FSA also created a phase-in period of up to 2 years following the initial risk and needs assessment for

3

the BOP to "provide such evidence-based recidivism reduction programs and productive activities for all prisoners." 18 U.S.C. § 3621(h)(2).  "During the 2-year period…, the priority for such programs and activities shall be accorded based on a prisoner's proximity to release date." 18 U.S.C. § 3621(h)(3).   Thus, by January 15, 2022, the BOP was required to provide the necessary recidivism reduction programs and productive activities for all prisoners to earn additional time credits to reduce their sentences under the FSA if they meet the other relevant criteria. The BOP implemented its final agency rules regarding the earning and awarding of ETC's under the First Step Act on January 19, 2022.  See 87 Fed. Reg. 2,705-01, 2022 WL 159155 (F.R.) (codified at 28 C.F.R. §§ 523.40-523.44) (explaining that "[t]he final rule adopts a more straightforward and more administratively manageable approach that is consistent with the FSA's goal…" by awarding ten days of FSA time credits "[f]or every thirty-day period that an eligible inmate successfully participates in EBRR Programs or PAs….").

### III.   Analysis

Against this federal statutory backdrop, the court turns to the specific issues raised in respondent's motion to dismiss.  According to Article III of the United States Constitution, federal courts have jurisdiction over "cases" and "controversies."  As a threshold jurisdictional matter, parties are required to have an actual controversy that "make[s] resolution of the controverted issue a practical necessity."  See Poe v. Ullman, 367 U.S. 497, 502-05 (1961).  This requirement of ripeness serves "to prevent the courts, through avoidance of premature adjudication, from entangling themselves in abstract disagreements over administrative policies, and also to protect the agencies from judicial interference until an administrative decision has been formalized and its effects felt in a concrete way by the challenging parties."  Abbott Laboratories v. Gardner, 387 U.S. 136, 148-49 (1967), abrogated on other grounds by Califano v. Sanders, 430 U.S. 99 (1977).  A claim is not yet ripe for judicial review "if it involves contingent future events that may not occur as anticipated, or indeed may not occur at all."  United States v. Streich, 560 F.3d 926, 931 (9th Cir. 2009) (quoting Thomas v. Union Carbide Agr. Prods. Co., 473 U.S. 568, 580-81 (1985)).

In this case, the BOP has not yet calculated petitioner's ETCs because his release date is

too far in the future and the agency has chosen to calculate FSA sentencing credits on a rolling basis with those with earlier expected release dates given first priority. <u>See</u> 87 Fed. Reg. 2,705-01, 2022 WL 159155 (F.R.) (explaining that a "phased-in approach is appropriate and warranted, given that the FSA has been the most impactful congressional action taken concerning the Bureau of Prisons in recent years, requiring major changes to existing systems and processes, the development of new systems, and changes that apply to approximately 130,000 current inmates."). The FSA mandated giving prisoners with impending release dates priority in participating in the programs and activities to earn these time credits, and, at this juncture, the court has no way of knowing exactly how the BOP will actually calculate petitioner's earned time credits. Petitioner is essentially seeking an advisory opinion from this court, although he phrases it in the form of a request for a "declaratory judgment." ECF No. 1 at 1; see <u>e.g.</u>, <u>Flast v. Cohen</u>, 392 U.S. 83, 96 (1968) (emphasizing that "it is quite clear that 'the oldest and most consistent thread in the federal law of justiciability is that the federal courts will not give advisory opinions.'") (internal citation omitted). The issue before the court is merely an abstract disagreement between the parties. As a result, this case is not ripe for adjudication because it hinges "upon contingent future events that may not occur as anticipated…." <u>Streich</u>, 560 F.3d at 931. The undersigned therefore recommends granting respondent's motion to dismiss the pending § 2241 petition based on lack of ripeness. In light of this recommendation and in the interests of judicial economy, the undersigned finds it unnecessary to address the remaining grounds raised in respondents' motion to dismiss.

### IV.   Plain Language Summary for Pro Se Party

The following information is meant to explain this order in plain English and is not intended as legal advice.

After reviewing the provisions of the First Step Act, the undersigned has concluded that there is no specific case or controversy that you are challenging. This court cannot simply issue a declaratory judgment, as you request, without any pending dispute between the parties. The undersigned recommends granting respondent's motion to dismiss your § 2241 petition.

If you disagree with this recommendation, you have 14 days to explain why it is not the

correct result. Label your explanation "Objections to Magistrate Judge's Findings and Recommendations." The district court judge assigned to your case will review the matter and issue a final decision.

Accordingly, IT IS HEREBY RECOMMENDED that:

1. Respondent's motion to dismiss (ECF No. 8) be granted.
2. Petitioner's application for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 be dismissed without prejudice based on lack of ripeness.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated: April 22, 2022

_/s/ Carolyn K. Delaney_
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

12/alva1777.2241.F&R.docx

6